FILED
JUN 21 2012
U.S. Court of Appeals
Fourth Circuit

12-1780

CASE NUMBER:

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RECEIVED
2012 JUN 21 PM 12: 38
U.S. COURT OF APPEALS
FOURTH CIRCUIT

**IN RE:**

**RENT-A-WRECK OF AMERICA, INC. AND BUNDY AMERICAN, LLC,**

**PETITIONERS.**

---

From The United States District Court
For the District of Maryland - Southern Division,
in Case No. 1:07-CV-01679-JPM
The Honorable Peter J. Messitte, District Judge

---

**RENT-A-WRECK OF AMERICA, INC. AND BUNDY AMERICAN, LLC'S PETITION FOR WRIT OF MANDAMUS**

---

Daniel M. Janssen,
Leah J. Stoecker,
Quarles & Brady LLP
411 E. Wisconsin Ave., Suite 2040
Milwaukee, WI 53202-4497
Telephone: 414-277-5733
Fax: 414-203-0190
Email: daniel.janssen@quarles.com

*Counsel for Petitioners*
*Rent-A-Wreck of America, Inc. and*
*Bundy America, LLC*

FILED
JUN 21 2012
U.S. Court of Appeals
Fourth Circuit

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Only one form needs to be completed for a party even if the party is represented by more than one attorney. Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case. Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements. Counsel has a continuing duty to update this information.

No. 10-2114 Caption: David Schwartz v. Rent A Wreck of America, Inc.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Rent-A-Wreck of America,Inc who is Appellant, makes the following disclosure:
(name of party/amicus) (appellant/appellee/amicus)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
2. Does party/amicus have any parent corporations? ☑ YES ☐ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
   JJF Management Services, Inc.
3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:
4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))? ☐ YES ☑ NO
   If yes, identify entity and nature of interest:
5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
   If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:
6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
   If yes, identify any trustee and the members of any creditors' committee:

## CERTIFICATE OF SERVICE

**************************

I certify that on ________________ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

---

/s Leah J. Stoecker
(signature)

________________
(date)

FILED
JUN 21 2012
U.S. Court of Appeals
Fourth Circuit

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Only one form needs to be completed for a party even if the party is represented by more than one attorney. Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case. Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements. Counsel has a continuing duty to update this information.

No. 10-2114 Caption: David Schwartz v. Rent A Wreck of America, Inc.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Bundy American, LLC who is Appellant, makes the following disclosure:
(name of party/amicus) (appellant/appellee/amicus)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
2. Does party/amicus have any parent corporations? ☑ YES ☐ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
   Rent-A-Wreck of America, Inc. & JJF Management Services, Inc.
3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:
4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))? ☐ YES ☑ NO
   If yes, identify entity and nature of interest:
5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
   If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:
6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
   If yes, identify any trustee and the members of any creditors' committee:

## CERTIFICATE OF SERVICE

**************************

I certify that on ________________ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s Leah J. Stoecker
(signature) (date)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

RELIEF SOUGHT ..... 1

ISSUES PRESENTED ..... 1

STATEMENT OF THE FACTS ..... 1

A. After three years of litigation, the District Court defined the legal relationship of RAWA and Bundy on one hand, Schwartz and RAWI on the other ..... 1

B. This Court issued a decision reinstating the jury Verdict and remanding just two issues to the District Court ..... 3

C. The District Court reinstated its orders vacated by this Court ..... 4

REASONS FOR THE ISSUANCE OF A WRIT ..... 7

CONCLUSION ..... 10

CERTIFICATE OF SERVICE ..... 11

# TABLE OF AUTHORITIES

## Cases

*Blasband v. Rales*, 979 F.2d 324 (3d Cir. 1992)........................................... 7, 8

*Buck Doe v. Chao*, 511 F.3d 461 (4th Cir. 2007) ........................................... 5

*In re Braxton*, 258 F.3d 250 (4th Cir. 2001)............................................... 6, 8

*In re Chambers Dev't Co.*, 148 F.3d 214 (3d. Cir. 1998) ................................... 7

*In re Continental Ill. Sec. Lit.*, 985 F.2d 867 (7th Cir. 1992) ............................. 7

*In re F.C.C.*, 217 F.3d 125 (2d Cir. 2000) ........................................................ 7

*In re Sanford Fork & Tool Co., et. al.*, 160 U.S. 247, 16 S. Ct. 291 (1895) ........... 6

*In re Vizcaino*, 173 F.3d 713 (9th Cir 1999)....................................................... 7

*Invention Submission Corp. v. Dudas*, 413 F.3d 411 (4th Cir 2005)........................ 9

*Piambino v. Bailey,* 757 F.2d 1112 (11th Cir. 1985)............................................ 7

*Sprague v. Ticonic Bank*, 307 U.S. 161, 59 S.Ct. 777 (1939) ................................ 9

*United States v. Bell*, 5 F.3d 64 (4th Cir. 1993).................................................... 8

*United States v. United States Dist. Ct.*, 334 U.S. 258 (1948)................................. 7

*Volvo Trademark Holding Aktiebolaget v. Volvo Construction Equip. N.A., Inc.*, 416 F. Supp. 2d 404 (W.D. N.C. 2006)......................................................... 8

## Statutes

28 U.S.C. §1651(a)............................................................................... 1, 10

## Other Authorities

Wright & Miller, *Federal Practice and Procedure*. Sec. 4478.3 (2d Ed. 2002)...... 6

## Rules

Federal Rule of Appellate Procedure 21 ................................................ 1, 11

## RELIEF SOUGHT

Under Fed. R. App. P. 21 and 28 U.S.C. §1651(a), Petitioners Rent-A-Wreck of America, Inc and Bundy American, LLC (together, "RAWA"), request a writ of mandamus directing Judge Peter J. Messitte to vacate the District Court's order of June 12, 2012, whereby the District Court reinstated its orders that had been vacated by this Court.[1]

## ISSUE PRESENTED

Does the District Court's order of June 12, 2012, reinstating orders already vacated by this Court, violate the Mandate Rule?

## STATEMENT OF THE FACTS

### A. After three years of litigation, the District Court defined the legal relationship between RAWA and Bundy on one hand, and Schwartz and RAWI on the other.

David Schwartz and his company, Rent-A-Wreck, Inc. (together, "Schwartz"), sued RAWA in 2007.[2] Schwartz sought a declaration of his rights, purportedly as an auto rental franchisee under RAWA's "Rent-A-Wreck" name and

[1] "App. Dkt" citations refer to the Fourth Circuit docket in the consolidated cross-appeals, with case numbers 10-2114, 10-2260, and 11-1561.

[2] Schwartz had previously sued RAWA in California twice and Maryland once. First, in the United States District Court for the Central District of California, Western Division in Case Number 2005-cv-08159 (Filed November 16, 2005). Then again in the Superior Court of California, County of Los Angeles in Case Number BC358790 (Filed March 10, 2006). Next in the U.S. district Court for the District of Maryland, Baltimore division, Case Number RDB06CV2851 (Filed October 30, 2006). All three cases were dismissed.

marks. RAWA and Bundy alleged counter-claims that included relief from Schwartz's continued use of the Rent-A-Wreck name. The dispute went to trial in April of 2010. (Dkt. 261, 262, 265, 268, 273, 279, 280).

At the conclusion of the trial, the jury impaneled by the District Court determined that: (i) Schwartz and RAWA had entered into a contract that was express, implied, written and/or oral; (ii) Schwartz was entitled to rent cars within a Los Angeles, California, territory that was exclusive to his business; (iii) Schwartz was required to fulfill the same obligations as RAWA's other franchisees; (iv) Schwartz was required to pay royalties to RAWA; and (v) the agreement between RAWA and Schwartz had a duration for the life of Mr. Schwartz. (Dkt. 290)

On September 23, 2010, the District Court issued two orders comprising its Final Order of Declaratory Judgment, along with a Memorandum Opinion. (Dkt 341; together, the "District Court Orders"). The District Court Orders partially overturned the jury's findings, to the extent the District Court held that Schwartz was entitled to a royalty-free franchise, that owed no obligations of any kind to RAWA. (Dkt. 343, 344). The remaining jury findings were adopted by the District Court. *Id.*

RAWA and Bundy appealed the District Court Orders and Schwartz cross-appealed. (Dkt. 345 and 352)

Following the filing of the appeal, on November 30, 2010, the District Court "clarified" the District Court Orders; since it was determined that Schwartz possessed an exclusive territory, the District Court decided that two existing "Priceless" brand auto rental franchisees (a sister brand to Rent-A-Wreck) needed to be closed. (Dkt. 357). Schwartz also moved the District Court for an order holding RAWA and Bundy in contempt. (Dkt. 362). A hearing was held, and the motion ultimately denied. (Dkt. 382). After denying the contempt motion, the District Court *sua sponte* issued two additional clarifying orders dated March 4, 2011, and May 11, 2011. (Dkt. 382, 390). RAWA and Bundy appealed these orders as well, on May 25, 2011 (this appeal was consolidated with the others).[3]

## B. This Court issued a decision reinstating the jury verdict and remanding just two issues to the District Court

This Court issued a single opinion addressing all issues raised in the appeals and cross-appeals. (App. Dkt. 54) As the decision reads, this Court reinstated that portion of the jury's verdict requiring Schwartz to fulfill all the obligations required by RAWA of its other auto rental franchisees. (App. Dkt. 54, p. 41) Only two

[3] Fourth Circuit Case Number 11-1561 was briefed separately from Fourth Circuit Case Numbers 10-2114(L) and 10-227. Nonetheless, all three cases were argued together and were resolved by the Appellate Decision filed in case number 10-2114(L).

discrete issues were remanded to the District Court. The first was the exclusivity (or not) of Schwartz's territory:

> We hold that the question of whether an exclusive territorial provision forecloses competition in a substantial share of the market of the affected line of commerce -- which if answered in the affirmative, would void the exclusivity provision under California law -- is a factual question; therefore, **remand** is required to permit a fact finder to make the factual finding.

(App. Dkt. 54, p. 41). The second was related to Schwartz's portrayal on RAWA's internet page, as set forth in the District Court's May 11, 2011, order:

> We vacate the May 11, 2011 order in light of our ruling on the appeal from the September 23, 2010 order. We remand to the district court for reexamination of the May 11, 2011 order in light of this decision.

(App. Dkt. 54, p. 41).

No other issues were remanded to the District Court. *Id.*

Schwartz petitioned the Court for a rehearing, en banc, and for certification of an issue to the California Supreme Court. (App. Dkt. 56, 57) The Court denied these further requests for relief and, on April 17, 2012, issued its Mandate. (App. Dkt. 61).

**C. The District Court reinstated its orders vacated by this Court.**

Upon remand, Schwartz suggested to the District Court that the issues on remand were extensive, including defining the contractual rights and obligations of Schwartz and RAWA anew:

> [T]he Fourth Circuit's opinion left open more questions than it answered... The Fourth Circuit's opinion ... left undefined the exact benefits Mr. Schwartz should receive if he agreed to abide by further undefined obligations followed by other as-yet undefined RAWA franchises. [RAWA and Bundy] have made clear their position, forwarding a 51-page franchise agreement (including exhibits) along with a basic operations training manual to Mr. Schwartz's counsel ... Defendants' post-opinion demand illustrates the need for this Court to fill in the blanks left in the Fourth Circuit Opinion.

(Dkt. 399, pp 4-5).

In response, RAWA advised the District Court that the "Mandate Rule" barred the reconsideration of issues that were settled by this Court and were not the subject of remand. (Dkt. 401) *See Buck Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) ("The principle that a district court may not violate the mandate of a circuit court of appeals and may not alter the law of the case so established is basic."). RAWA also moved for the release of the $500,000 bond that it posted at the District Court's direction. (Dkt. 400) Schwartz replied on May 14, 2012, (Dkt 402), again suggesting that the District Court "exercise its discretion" to consider the scope of Schwartz's obligations as a franchisee. *Id.* at pp. 3-4, fn 2.

On June 12, at 5:08 p.m., the District Court issued a text-only order releasing RAWA and Bundy's bond obligation. (Dkt.403). Seven minutes later, the District Court rescinded the order releasing RAWA and Bundy's Bond obligation, citing an "error" for the initial order. (Dkt. 404).

On June 12, 2012, the District Court set a pre-trial conference to address the remanded issues. Yet, without explanation, it also reinstated the orders that this Court vacated, stating: "the Court's prior Orders shall remain in effect." (Dkt. 405, p.1).[4]

[4] The District Court did provide an exception for the Priceless franchises that had been the subject of the November 10, 2010 Order.

## REASONS FOR THE ISSUANCE OF A WRIT

A petition for a writ of mandamus must satisfy a five-part test:

- The petitioner must have a clear and indisputable right to the relief;

- The responding party must have a clear duty to do the specific act required;

- The act requested must be an official act or duty;

- There must be no other adequate means to attain the relief desired; and

- The issuance of the writ must be right and just under the circumstances.

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001)(citation omitted). It is accepted practice to use a writ of mandamus to enforce the Mandate of an Appellate Court. *See generally*, Wright & Miller, *Federal Practice and Procedure*. Sec. 4478.3 (2d Ed. 2002) ("Enforcement [of a mandate] ... may be accomplished by mandamus, and indeed, this is one of the most nearly routine uses of this 'extraordinary writ.'").

While a writ of mandamus is extraordinary relief, one of its basic functions is to ensure lower court compliance with appellate court mandates. The Supreme Court recognized this proposition long ago:

> The [lower] court cannot vary [the mandate], or examine it for any other purpose then execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded... If the [lower] court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its actions may be controlled..by a writ of mandamus to execute the mandate of this court.

*In re Sanford Fork & Tool Co., et. al.*, 160 U.S. 247, 255, (1895) (citations omitted). This core function has been repeatedly recognized by the Circuit Courts. *See, e.g., In re Chambers Dev't Co.*, 148 F.3d 214, 224 (3d. Cir. 1998) ("[M]andamus is appropriate when a district court has failed to adhere to the mandate of an appellate court.")[5]

*Blasband v. Rales*, 979 F.2d 324 (3d Cir. 1992) is instructive. In *Blasband,* a derivative suit was filed by a corporation's minority shareholder. *Id.* at 325-26. The District Court dismissed the complaint, finding that the plaintiff lacked standing. *Id.* at 325. On appeal, the Third Circuit issued a mandate directing the

[5]*See also*, *In re F.C.C.*, 217 F.3d 125, 137 (2d Cir. 2000) (explaining that appellate courts may exercise mandamus power "to achieve compliance with the terms and spirit of our mandates."), *In re Continental Ill. Sec. Lit.*, 985 F.2d 867, 869 (7th Cir. 1992) ("One of the less controversial functions of mandamus is to assure that a lower court complies with the spirit, as well as the letter of the mandate issued to that court by a higher court."); *Piambino v. Bailey,* 757 F.2d 1112 (11th Cir. 1985) (issuing writ of mandamus to enforce an appellate mandate ignored by the district court); *In re Vizcaino*, 173 F.3d 713, 719(9th Cir 1999) ("[W]hen a lower court obstructs the mandate of an appellate court, mandamus is the appropriate remedy."), *citing*, *United States v. United States Dist. Ct.*, 334 U.S. 258, 263-64 (1948).

District Court to permit the plaintiff to "amend his complaint to allege demand futility." *Id.* at 328. Instead, the District Court certified the issue to the Delaware Supreme Court. *Id.* at 327. In granting the subsequently filed request for mandamus, the Third Circuit held:

> …[i]n these circumstances, the remedy is obvious. Mandamus may be issued when a petitioner shows that he has no other means available to obtain the desired relief and that his right to issuance of the writ is clear and indisputable." *Id.* at 328(citation omitted). To that end, even if certified questions were permitted, the district court could not use "that device in an attempt to negate our holding and thereby circumvent the [the] mandate.

*Id.* at 328.

RAWA satisfies the relevant criteria as it seeks a straightforward application of the Mandate Rule, which "compels compliance on remand with the dictates of [the] superior court and forecloses re-litigation of issues expressly or impliedly decided by the appellate court." *Volvo Trademark Holding Aktiebolaget v. Volvo Construction Equip. N.A., Inc.*, 416 F. Supp. 2d 404, 407 (W.D. N.C. 2006), *quoting*, *United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993). To that end, the Mandate Rule "restricts the district court's authority on remand ... any issue conclusively decided by [the court of appeals] on the first appeal is not remanded, and ... any issue that could have been but was not raised on appeal is waived and thus not remanded." *Id.* (citations and internal quotations omitted). A district court may not hear new argument on issues already decided. *Invention Submission*

*Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir 2005), *quoting Sprague v. Ticonic Bank*, 307 U.S. 161, 168, 59 S. Ct. 777 (1939)("[f]ew legal precepts are as firmly established as the doctrine that the mandate of a higher court is controlling as to matters within its compass").

This Court's decision is not ambiguous: Schwartz must "agree to fulfill the same obligations as other RAWA franchises." (App. Dkt. 54, p. 41)(emphasis added). Just two issues were remanded: (i) whether Schwartz's franchise territory is exclusive and (ii) how Schwartz should appear on RAWA's franchisee website. (App. Dkt. 54, p. 41, p. 18 fn. 8). There is no conceivable basis for the District Court to reinstate orders that this Court has vacated.

**CONCLUSION**

For the reasons described above, Petitioners request a writ of mandamus directing the District Court to vacate its June 12, 2012 order.

Respectfully submitted,

Daniel M. Janssen
Leah J. Stoecker
Quarles & Brady LLP
411 E. Wisconsin Ave., Suite 2040
Milwaukee, WI 53202-4497
Fax: 414-203-0190
Email: daniel.janssen@quarles.com
Attorneys for Petitioners

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Petition for Writ of Mandamus was served on June 21, 2012, by UPS, Next Day Air upon:

Roger Simmons, Esquire
Brian M. Maul, Esquire
Jacob Weddle, Esquire
Gordon & Simmons, LLC
1050 Key Parkway, Ste 101
P.O. Box 430
Frederick, MD 21701

The Honorable Judge Peter J. Messitte
United States District Court
District of Maryland - Greenbelt Div.
6500 Cherrywood Lane
Greenbelt, MD 20770

Leah J. Stoecker

QB\17197490.1
6/18/12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**6500 CHERRYWOOD LANE**
**GREENBELT, MARYLAND 20770**
**301-344-0632**

June 12, 2012

Roger C. Simmons
Brian M. Maul
Jacob I. Weddle
Gordon and Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, MD 21702

John C. Hanrahan
Law Offices of John C. Hanrahan, LLC
8 East Second Street, Suite 201
Frederick, MD 21701

Daniel M. Janssen
Leah J. Stoecker
Matthew J. Flynn
Quarles and Brady, LLP
411 E Wisconsin Ave.
Milwaukee, WI 53202

Re: *Schwartz v. J.J.F. Management Services, Inc., et al*
Civil Case No. PJM 07-1679

Dear Counsel:

It is apparent that there are numerous contested issues concerning how to interpret and implement the recent opinion and judgment of the United States Court of Appeals for the Fourth Circuit in the above-referenced case. Both parties seek clarification from this Court regarding how to proceed following remand.

Defendants appear to interpret the Court of Appeals opinion to allow them to impose on Plaintiff the obligations contained in a 2011 Franchise Agreement. The Court does not necessarily agree with Defendants' interpretation, but, in any event, is not prepared to make a final determination at this time. **Pending clarification of this and other contested issues, the *status quo ante* as set forth in this Court's prior Orders shall remain in effect. The single exception shall be that the Priceless entities may immediately operate within Plaintiff's otherwise exclusive territory.**

The Court **DIRECTS** that within **30 DAYS** of the date of this letter, each party shall submit a brief setting forth (1) the issues it believes this Court needs to address on remand, (2) how it proposes that each issue should be resolved (*i.e.*, by the Court as a matter of law or by a jury as a quest of fact); (3) the proposed scope of discovery, if any, as to each issue; and (4) a proposed finding on each issue. Each party shall file a response to its opponent's initial brief within **30 DAYS** thereafter. The Court will schedule an in-court status hearing to resolve these various issues on the record.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Sincerely yours,

/s/

Peter J. Messitte

cc: Court file